## BAB v. HIRSCHBEIN.

. (City Court of New York, General Term.   October 6, 1890.)

REAL-ESTATE AGENT—COMMISSIONS.

An oral agreement between a real-estate broker, the vendor, and the vendee, that the latter shall pay the brokerage, gives the broker a cause of action against the vendee which is not taken away by the subsequent cancellation, without the broker's consent, of the written contract of sale containing a stipulation to the same effect.

Appeal from trial term.

Action by Charles Bab against Moritz J. Hirschbein for brokerage.   There was a verdict for plaintiff, and from a judgment thereon defendant appeals.

Argued before McADAM, C. J., and VAN WYCK, J., concur.

J. H. Hull, for appellant.   M. Rapp, for respondent.

PER CURIAM.   The property was sold for $28,500 on condition that the defendant, the purchaser, paid the brokerage.   This understanding prevented the broker from suing the vendor, (all parties having assented to the arrangement,) and the broker must either recover from the defendant or get nothing. The brokerage was earned when the minds of the vendor and the vendee met on the terms of sale, which were reduced to writing, and subscribed by the contracting parties.   The written contract contains a provision that the defendant (the vendee) is to pay the the commission.   This may be regarded as corroborative evidence that the plaintiff's theory is correct.   The question· whether a stranger to a sealed instrument can sue upon it does not arise, for . independently of this provision the oral understanding between the broker, the vendor, and vendee, that the latter should pay, gave the plaintiff a good cause of action, which the subsequent cancellation of the written contract, without the consent of the broker, did not take away.   The case was fairly submitted to the jury, who found for the plaintiff, and we find no reason for disturbing their verdict.   It follows that the judgment appealed from must be affirmed, with costs.